# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JULIA O. FAIGEL, DMD, P.C., | ) Case No.  1:18-cv-00797-SM |
| | ) |
| Plaintiff, | ) Judge Steven J. McAuliffe |
| vs. | ) |
| | ) |
| IADMD HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| IADMD HOLDINGS, LLC, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| JULIA O. FAIGEL and JULIA O. FAIGEL, DMD, P.C., | ) |
| | ) |
| Counter-Defendants. | ) |

### Answer and Counterclaims

Defendant IADMD Holdings, LLC ("Defendant"), by and through its attorneys, hereby answers the complaint of Plaintiff Julia O. Faigel, DMD, P.C. ("Plaintiff") and asserts affirmative or other defenses as set forth herein. Except as expressly admitted herein, Defendant denies each and every allegation in the Plaintiff's complaint.

Defendant responds to the numbered paragraphs of Plaintiff's complaint as follows:

1. Admitted

2. Denied

3. Defendant lacks information sufficient to admit or deny.

4. Denied

5.      Defendant admits that it is the current owner of record of the referenced registrations. The remainder of Paragraph 5 is denied.

6.      Denied

7.      Denied

*PARTIES*

8.      Defendant lacks information sufficient to admit or deny.

9.      Defendant admits that IADMD is a limited liability company duly organized and existing under the laws of the State of New Hampshire. The remainder of Paragraph 9 is denied.

*JURISDICTION AND VENUE*

10.     Admitted

11.     Defendant denies that it has its principal place of business in New Hampshire. The remainder of Paragraph 11 is admitted.

**FACTUAL BACKGROUND**

**A. FAIGEL'S USE OF DR. DENTAL**

12.     Defendant lacks information sufficient to admit or deny.

13.     Denied

14.     Defendant lacks information sufficient to admit or deny.

15.     Defendant lacks information sufficient to admit or deny.

16.     Defendant lacks information sufficient to admit or deny.

17.     Admitted

18.     Admitted

19.     Denied

20.    Admitted

21.    Admitted

22.    Admitted

23.    Denied

24.    Denied

### a) THE '993 REGISTRATION SPECIMENS

*25.*    Denied

26.    Denied

27.    Denied

### b) THE '106 REGISTRATION SPECIMENS

28.    Denied

29.    Denied

### c) THE '602 REGISTRATION SPECIMENS

30.    Denied

31.    Denied

### d) THE '322 REGISTRATION SPECIMENS

32.    Denied

33.    Denied

### C. IADMD'S VEXATIOUS DEMANDS

34.    Defendant admits that letters regarding Faigel's infringement of Defendant's trademarks were sent to Faigel on Defendant's behalf on August 28, 2017. The remainder of Paragraph 34 is denied.

35.   Admitted

36.   Admitted

37.   Admitted

38.   Admitted

### COUNT I: DECLARATORY JUDGMENT
### *(Non-Infringement of Trademarks)*

39.   Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 38 above as if fully set forth herein.

40.   Admitted

41.   Denied

42.   Denied

### COUNT II: DECLARATORY JUDGMENT
### *(Trademarks Subject to Cancellation)*

43.   Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 42 above as if fully set forth herein.

44.   Denied

### COUNT III: CANCELLATION OF THE IADMD REGISTRATIONS
### *(No Bona Fide Use)*

45.   Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 44 above as if fully set forth herein.

46.   Denied

47.   Denied

48.   Denied

49.   Denied

1:18-cv-00797-SM
ANSWER AND COUNTERCLAIMS

50.     Denied

51.     Denied

## COUNT IV: CANCELLATION OF THE IADMD REGISTRATIONS
### (Abandonment)

52.     Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 51 above as if fully set forth herein.

53.     Denied

54.     Denied

55.     Denied

## COUNT V: CANCELLATION OF THE IADMD REGISTRATIONS
### (Lack of Ownership)

56.     Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 55 above as if fully set forth herein.

57.     Denied

58.     Denied

59.     Denied

## COUNT VI: CANCELLATION OF THE '993, '106, and '602 REGISTRATIONS
### (Descriptiveness)

60.     Defendant repeats and re-alleges the answers to the allegations contained in

paragraphs 1 through 59 above as if fully set forth herein.

61.     Denied

62.     Denied

## AFFIRMATIVE DEFENSE 1: Unclean Hands

In light of Plaintiff's willful infringement of Defendant's statutory and common-law trademark rights, Plaintiff's claims for cancellation of the subject registrations are barred by the doctrine of unclean hands.

## COUNTERCLAIMS

Counterclaimant IADMD Holdings, LLC ("IADMD"), by and through its attorneys, makes the following counterclaims against Counter-Defendants Julia O. Faigel ("Faigel") and Julia O. Faigel, DMD, P.C. (Faigel's "Corporate Entity") (collectively, "Counter-Defendants"):

### Parties

1.      IADMD is a New Hampshire limited liability company with its principal office located at 3 Wilcox St, Bristol, RI, 02809.

2.      Julia O. Faigel, DMD, P.C. is a Massachusetts professional corporation with its principal office located at 55 Meridian St., East Boston, MA 02459.

3.      On information and belief, Julia O. Faigel is an individual residing in Newtown, Massachusetts.

4.      Faigel is the president, secretary, director, treasurer, and sole shareholder of her Corporate Entity.

5.      All acts complained of herein were done personally by Faigel or at her direction, through or on behalf of her Corporate Entity.

### Jurisdiction and Venue

6.      Faigel, through her Corporate Entity, operates dental offices in the State of New Hampshire, in connection with which she uses the DR. DENTAL trademark.

1:18-cv-00797-SM
ANSWER AND COUNTERCLAIMS

7.      This Court has federal subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331 and 1338(a), based upon the federal questions presented by the violations of 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c) alleged herein, and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

8.      This court has personal jurisdiction over Counter-Defendants because they are continuously and systematically providing services in this judicial district and because the infringement occurred in and was purposefully directed towards this judicial district.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b) in that Counter-Defendants transact business in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### IADMD's DR. DENTAL Trademarks

10.      In 2003, Rosemary DiMaria Ryan, *née* Rosemary DiMaria ("DiMaria"), and Dr. John Ryan, DMD (collectively, the "Ryans") began using the name DR. DENTAL in connection with a website providing dentistry-related information, as well as with Dr. Ryan's dental practice, both of which were jointly managed by the Ryans.

11.      Over the last fifteen years, the Ryans have used the DR. DENTAL mark, as well as variations such as DOCTOR DENTAL and DOCTOR DENTAL MD (collectively, the "Dr. Dental Marks") in connection with a variety of related services, including providing dental services, disseminating dentistry-related information, providing educational services for dental professionals, and arranging for free dental treatment for those in need.

12.      On April 20, 2005, DiMaria filed an application with the United States Patent and Trademark Office (USPTO) to register the mark DOCTOR DENTAL MD in connection with

providing online dental information, which application matured into U.S. Registration Number 3,300,322 (the "'322 Registration") on September 25, 2007. A true and correct copy of the '322 Registration is attached hereto as Exhibit A.

13.     On December 16, 2010, DiMaria filed an application with the USPTO to register the mark DR DENTAL in connection with dental services and providing dental information, which application matured into U.S. Registration Number 4,250,602 (the "'602 Registration") on November 27, 2012. A true and correct copy of the '602 Registration is attached hereto as Exhibit B.

14.     From 2003 to 2015, the Ryans continuously and extensively used the Dr. Dental Marks in connection with dentistry-related services.

15.     On July 17, 2015, in a *nunc-pro-tunc* assignment, DiMaria transferred the '322 and '602 Registrations, along with associated common-law rights, as of to August 2, 2005 to IADMD, a business entity wholly owned and controlled by the Ryans and intended to hold and use intellectual property for the Ryans' benefit.

16.     On August 6, 2015, IADMD filed an application with the USPTO to register the mark DR DENTAL in connection with dental services, providing dental information, and coordinating charitable dental programs, which application matured into U.S. Registration Number 4,886,106 (the "'106 Registration") on January 12, 2016. A true and correct copy of the '106 Registration is attached hereto as Exhibit C.

17.     On August 6, 2015, IADMD also filed an application with the USPTO to register the mark DOCTOR DENTAL in connection with dental services, providing dental information, and coordinating charitable dental programs, which application matured into U.S. Registration

8 of 15

Number 4,962,993 (the "'993 Registration") on May 24, 2016. A true and correct copy of the '993 Registration is attached hereto as Exhibit D.

18.      From 2015 to the present, the Ryans have continued to use the Dr. Dental Marks in connection with dentistry-related services with the permission and under the authority of IADMD.

19.      At no point in the fifteen years that they have used the Dr. Dental Marks have the Ryans ever intended to discontinue such use.

20.      As a result of this long-standing use, significant consumer goodwill has attached to the Dr. Dental Marks, and the Dr. Dental Marks have become associated with the Ryans' dental and dentistry-related services.

21.      To the extent one or more of the Dr. Dental Marks may be descriptive of some of the services in connection with which the Ryans have used them, such marks had acquired distinctiveness prior to 2010.

### Faigel's Infringement of the Dr. Dental Marks

22.      At some point prior to December, 2009, Faigel became aware of the '322 Registration and of the Ryans' use of the Dr. Dental Marks.

23.      In December, 2009, Faigel attempted to purchase the '322 Registration and associated goodwill from DiMaria. However, the parties were unable to come to an agreement on terms.

24.      Shortly after failing to successfully obtain the rights to the Dr. Dental Marks, Faigel began to use them anyway, renaming several of her dental clinics "Dr. Dental" in 2010.

25.      Faigel also registered the domain name mydrdental.com on December 20, 2009.

26.     In 2010, soon after Faigel's infringement began, the Ryans began receiving angry telephone calls from patients and business associates regarding their apparent association with Faigel's clinics.

27.     Between 2010 and 2012, the Ryans' revenues in connection with their dental and dentistry-related services declined sharply.

28.     On December 16, 2010, the Ryans sent a letter to Faigel's counsel, notifying her that her use of the DR. DENTAL mark in connection with her dental clinics constituted willful trademark infringement. Faigel ignored this letter.

29.     Since 2010, Faigel's infringement of the Dr. Dental Marks has consistently expanded, growing from seventeen "Dr. Dental"-branded dental offices in 2010 to forty-three "Dr. Dental"-branded offices at present.

30.     Following a 2017 investigation of Faigel's clinics for Medicaid fraud by the Massachusetts Attorney General and resulting media coverage, the false association between Faigel and the Ryans created by Faigel's use of the DR. DENTAL trademark became even more negative and damaging.

31.     Since 2010, the Ryans' business has suffered dramatically as a result of Faigel's infringing use of the DR. DENTAL trademark and the false association created thereby.

32.     On August 28, 2017, the Ryans again sent Faigel a letter, notifying her of the damage caused by her infringement and demanding that she and her related companies immediately cease use of the DR. DENTAL trademark.

33.     On November 21, 2017, Faigel filed a petition to cancel the '322, '602, '933, and '106 Registrations with the USPTO Trademark Trial and Appeal Board.

## COUNT I

**Trademark Infringement Under Lanham Act Section 32 (15 U.S.C. § 1114(1)(a)) Against All Counter-Defendants**

34.     IADMD realleges and incorporates by reference paragraphs 1 through 33.

35.     Prior to December, 2009, Faigel became aware of the '322 Registration and of the Ryans' use of the Dr. Dental Marks in connection with dentistry-related services.

36.     Despite actual knowledge of the Ryans' trademark rights, her failed attempt to purchase those rights in 2009, and repeated notices regarding her infringement of those rights, Faigel began using and continues to use, through or on behalf of her Corporate Entity, the mark DR. DENTAL in connection with dental services.

37.     The DR. DENTAL mark used by Counter-Defendants is identical with or substantially indistinguishable from the registered marks embodied in the '322, '602, '106, and '933 Registrations and constitutes a counterfeit mark as defined in 15 U.S.C. § 1116(d).

38.     Counter-Defendants knew the DR. DENTAL mark was counterfeit.

39.     The use of the DR. DENTAL mark by Counter-Defendants in connection with dental services is likely to cause and has caused confusion, mistake, and deception as to the source of origin, sponsorship, or approval of Counter-Defendants' services.

40.     Counter-Defendants' use of the DR. DENTAL mark has caused great and irreparable harm to IADMD and its predecessors-in-interest, continues to cause such harm to IADMD for which there is no adequate remedy at law, and will continue to cause such harm unless restrained by this Court.

**COUNT II**
**(False Designation of Origin Under Lanham Act Section 43 (15 U.S.C. § 1125(a)) Against All Counter-Defendants)**

41.     IADMD realleges and incorporates by reference paragraphs 1 through 40.

42.     The use of the DR. DENTAL mark by Counter-Defendants in connection with dental services is likely to cause and has caused confusion as to the affiliation, connection, or association of Counter-Defendants with IADMD and/or its predecessors-in-interest and as to the origin, sponsorship, or approval of Counter-Defendant's dental services and other commercial activities by IADMD and/or its predecessors-in-interest.

## COUNT III
### (Cyberpiracy Under Lanham Act Section 43 (15 U.S.C. § 1125(d)) Against All Counter-Defendants)

43.     IADMD realleges and incorporates by reference paragraphs 1 through 42.

44.     On December 20, 2009, Faigel, through or on behalf of her Corporate Entity, registered the domain name mydrdental.com.

45.     The domain name mydrdental.com is confusingly similar to the Dr. Dental Marks.

46.     Faigel had a bad faith intent to profit from the Dr. Dental Marks.

## COUNT IV
### (Unfair and Deceptive Acts and Practices Under RSA 358-A:2 Against All Counter-Defendants)

47.     IADMD realleges and incorporates by reference paragraphs 1 through 46.

48.     By their use of the DR. DENTAL mark, Counter-Defendants have passed off their services as those of IADMD or its predecessors-in-interest, caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Counter-Defendants' services; and caused likelihood of confusion or of misunderstanding as to their affiliation, connection or association with, or certification by IADMD or its predecessors-in-interest.

49.     Upon information and belief, Counter-Defendants used the DR. DENTAL mark was willfully or knowing that it would cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Counter-Defendants' services; and caused likelihood of confusion or of misunderstanding as to their affiliation, connection or association with, or certification by IADMD or its predecessors-in-interest.

## COUNT V
## (Trademark Infringement under RSA 350-A:11 Against All Counter-Defendants)

49.     IADMD realleges and incorporates by reference paragraphs 1 through 46.

50.     By use of the DR. DENTAL mark without the consent of IADMD, Counter-Defendants have used IADMD's mark in a manner likely to cause confusion as to the source of the Counter-Defendants services.

## PRAYER FOR RELIEF

WHEREFORE, IADMD prays for judgment as follows:

1.     Enjoining Counter-Defendants from using the Dr. Dental Marks or any confusingly similar name or mark in accordance with 15 U.S.C. § 1116;

2.     Ordering Counter-Defendants to transfer the domain name mydrdental.com to IADMD or, in the alternative, to forfeit this domain name in accordance with 15 U.S.C. § 1125(d)(1)(C);

3.     Awarding IADMD (a) its actual damages, (b) all profits realized by Counter-Defendants in connection with their use of the DR. DENTAL mark, (c) the costs of this action, and (d) reasonable attorney fees in accordance with 15 U.S.C. § 1117(a);

4.     Directing that such profits or actual damages be trebled, in accordance with 15

U.S.C. § 1117(b);

5.      In the alternative, awarding IADMD statutory damages of $2,000,000 per type of

services offered in connection with the DR. DENTAL mark in accordance with 15 U.S.C. §

1117(c)(2);

6.      Awarding IADMD statutory damages of $100,000 per domain name in

accordance with 15 U.S.C. § 1117(d);

7.      Awarding IADMD its actual damages for Counter-Defendants' violation of RSA

358-A:2 in accordance with RSA 358-A:10;

8.      Enjoining Counter-Defendant's use of the DR. DENTAL Marks or any

confusingly similar name or mark in accordance with RSA 350-A:1;.

9.      Awarding IADMD prejudgment interest from the date of each wrongful act; and

10.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, IADMD demands a jury trial on all issues triable to a jury.

DATED: October 12, 2018                    Defendant/Counterclaimant
                                           IADMD Holdings, LLC,
                                           by its attorneys,

                                           /s/ Kyle McDonald
                                           Kyle McDonald  (NH Bar #266712)
                                           kyle@kylemcdonaldlaw.com
                                           Law Office of Kyle McDonald, Esq., PLLC
                                           2 Whitney Road, Suite 11
                                           Concord NH, 03301
                                           603-753-4033

                                           *Pro Hac Vice Counsel (application pending)*

                                           /s/Christopher McElwain
                                           Christopher R. McElwain
                                           (CA Bar #289132)

chris@knowmad.law
Knowmad Law
484 Washington St., B-313
Monterey, CA 93940
831-275-1401

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated: October 12, 2018                                    /s/ Kyle McDonald
                                                          Kyle McDonald

1:18-cv-00797-SM
ANSWER AND COUNTERCLAIMS