UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Julia O. Faigel DMD, P.C.,
      Plaintiff

      v.                                  Case No. 18-cv-797-SM
                                          Opinion No. 2019 DNH 122
IADMD Holdings, LLC,
      Defendant


**O R D E R**

Julia Fagel brings this action seeking a declaratory judgment of non-infringement, as well as an order cancelling four trademark registrations held by IADMD Holdings. The parties' dispute arises from their competing uses of the mark "DR DENTAL," as well as variations of that mark. Dr. Faigel operates more than 40 dental clinics in the New England region under the name "Dr. Dental." IADMD, however, holds trademark registrations for the following marks: "DOCTOR DENTAL MD," "DR DENTAL," and "DOCTOR DENTAL." Therein lies the conflict.

According to Faigel, she has been subjected to "baseless threats and demands made by Defendant IADMD Holdings, purporting to be supported by Defendant's registered trademarks - all of which are subject to cancellation." Complaint (document no. 1) at para. 2. Defendant, IADMD, of course tells a different

story.  It says the various challenged trademarks are all properly registered, have been used continuously in commerce for many years by the principals of IADMD, and are not subject to cancellation.  IADMD also claims that, after Faigel was unsuccessful in her efforts to purchase one of the trademarks from it, she began willfully infringing it.  IADMD advances several counterclaims against Faigel for trademark infringement, as well as claims for unfair and deceptive trade practices under New Hampshire's Consumer Protection Act.

Pending before the court is IADMD's motion for judgment on the pleadings with respect to several of Faigel's claims.  For the reasons discussed, that motion is necessarily denied.

**Standard of Review**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard of review applicable to a motion to dismiss under Rule 12(b)(6).  See Portugues-Santana v. Rekomdiv Int'l, Inc., 725 F.3d 17, 25 (1st Cir. 2013). Accordingly, the court must accept as true all well-pleaded facts in Dr. Faigel's complaint and indulge all reasonable inferences in her favor.  See Doe v. Brown Univ., 896 F.3d 127, 130 (1st Cir. 2018); SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010).  To survive defendant's motion, the complaint must allege

each of the essential elements of a viable cause of action and
"contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face." Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (citation and internal
punctuation omitted). Legal boilerplate and general conclusory
statements are insufficient to state a cognizable claim. See
Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012).
Nevertheless, while "evaluating the plausibility of a legal
claim requires the reviewing court to draw on its judicial
experience and common sense, the court may not disregard
properly pled factual allegations, even if it strikes a savvy
judge that actual proof of those facts is improbable." Ocasio-
Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)
(citations and internal punctuation omitted).

Such is the case here. While Faigel's claims regarding the
alleged invalidity of IADMD's trademarks seem decidedly weak,
they are sufficient to survive IADMD's motion.

**Faigel's Claims**

In her complaint, Dr. Faigel advances six distinct counts.
In the first, she seeks a judicial declaration that she has not
infringed any of the IADMD registered trademarks. She then
seeks a judicial declaration that those marks are "subject to

3

cancellation" on four grounds (Counts 2(a), 2(b), 2(c), and 2(d)).  Finally, she asserts that IADMD's marks should be cancelled, on the same four grounds (counts 3, 4, 5, and 6).  All of Faigel's arguments in support of her cancellation claims focus on the alleged insufficiency of specimens provided to the USPTO in support of trademark registration applications.

According to Faigel, each of those specimens fails to demonstrate that the relevant mark was in "current use" and/or that it was actually owned and being used by the applicant.  So, for example, Faigel alleges that the specimens submitted in 2015 in support of the application for the mark "DOCTOR DENTAL" suggest that they were produced in 2004 (thus, failing to show current use) and are owned by John J. Ryan, DMD (thus failing to show they are owned by IADMD).  Complaint at paras. 25-27.  Faigel raises the same issues with respect to the specimens submitted in support of the application for registration of "DR DENTAL."  According to Faigel, each of those specimens is dated 2004, and each implies that it is owned by Dr. Ryan, rather than the applicant, IADMD.  See Id. at para. 28.  She raises similar arguments with respect to the application to register DOCTOR DENTAL MD, saying the specimens filed in support of that application failed to show current use, feature "markedly

4

inconsistent branding," and display a different phone number from the other specimens.  Id. at para. 32.[1]

Based upon those alleged deficiencies, Faigel asserts that the specimens submitted in connection with each of the various applications for registration "bear indicia of fabrication and call into question both IADMD's ownership of [the] mark and whether [the] mark is, or has ever actually been in bona fide use in Commerce."  Id. at para. 33.  See also Id. at paras. 27, 29, 31 (same).  Faigel does not appear to be alleging that IADMD or its predecessors committed fraud in obtaining the registrations (nor has IADMD treated the complaint as alleging any fraudulent conduct).  Rather, Faigel merely claims that the specimens submitted to the USPTO were insufficient to support the registration applications.  Additionally, she alleges that, on information and belief, none of the IADMD marks were in bona fide use in commerce for the claimed services at the time their respective applications for trademark protection were submitted.  See Id. at paras. 47-50.

---

[1]  Parenthetically, the court notes that IADMD says it is wholly owned and operated by Dr. Ryan, along with his wife Rosemary DiMaria Ryan, and it was formed to hold intellectual property for their benefit.  Dr. Ryan is a dentist who practices in southern New Hampshire and apparently uses (or, at a minimum, used) the mark "Dr Dental" in connection with his practice.

IADMD moves for judgment on the pleadings on all counts that allege its trademarks are subject to cancellation based upon: lack of bona fide use in commerce; abandonment; and lack of ownership by the trademark registrant.  IADMD concedes that three of Faigel's counts - her request for a judicial declaration of non-infringement (count 1) and her assertions that the marks are merely descriptive (count 2(d) and count 6) - set forth the essential elements of viable claims and are not subject to dismissal at this point.

**Discussion**

District courts are vested with the authority to cancel federal trademarks issued by the USPTO when the challenger has standing and there is a valid ground, under the Lanham Act, for cancellation.  See, e.g., Brookfield Office Properties v. Manhattan West Hotel, 2016 WL 6906713, at *3 (S.D.N.Y. Nov. 18, 2016); PlayNation Play Sys., Inc. v. Velex Corp., 924 F.3d 1159, 1169 (11th Cir. 2019).  See also 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.").

6

Here, Faigel claims IADMD's registrations were improperly granted and so are invalid. As noted above, she rests her invalidity claims on the allegedly insufficient specimens provided to the USPTO in support of IADMD's (and its predecessors') various trademark applications.

In response, IADMD asserts that the insufficiency of specimens, standing alone, is not typically a basis for cancelling a registration. See, e.g., Bon Vivant Catering, Inc. v. Duke Univ., 2016 WL 3149725, n.14 at *11 (M.D.N.C. June 3, 2016) ("However, the insufficiency of a specimen does not generally render a mark void.") (collecting cases). On the other hand,

> While the Board is not bound by the decision of the Examining Attorney, in that the mere acceptance of specimens by the Examining Attorney does not mandate a finding by us that [trade] mark usage was made, it is not the adequacy of the specimens, but the underlying question of [trade] mark usage which would constitute a proper ground for opposition.
>
> The reason why unacceptable specimens, per se, should not be a ground for opposition becomes apparent when one considers the purpose of specimens. <u>The specimens are to show the mark as it is actually used, so that it can be determined whether the matter for which registration is sought is being used as a trademark</u> . . . . Objections to the specimens made by the Examining Attorney during examination are not actually to the acceptability of the specimens themselves, but are that the specimens do not show trademark use of the matter for which registration is sought.

Teal Bay Alls., LLC v. Southbound One, Inc., 2015 WL 401251, at
*10 (D. Md. Jan. 26, 2015) (quoting Century 21 Real Estate
Corp., 10 U.S.P.Q.2d 2034 (T.T.A.B. Jan. 17, 1989)) (emphasis in
original).  In other words, while deficient specimens may not
form the exclusive basis of an invalidity argument, it is
possible that they may constitute some evidence that a
registration was improperly granted to a mark that was not used
in commerce.  Moreover, as the district court noted in Teal Bay:

> The TTAB [Trademark Trial and Appeals Board] has found
> a registration void ab initio because specimens did
> not demonstrate use in commerce.  See CPC Int'l Inc.
> v. Skippy, Inc., 3 U.S.P.Q.2d 1456 (T.T.A.B. May 28,
> 1987); In Re Goldencare Corp., 1998 WL 353727, at *6
> (T.T.A.B. June 30, 1998).  Also, at least one district
> court has found that an invalid specimen constituted
> sufficient ground for cancellation of the mark.
> Horizon Healthcare Servs. v. Allied Nat., Inc., No.
> CIV.A. 03-4098(JAG), 2006 WL 344277, at *6-7 (D.N.J.
> Feb. 14, 2006) (finding that registration would have
> been refused if the examiner had known that the
> specimen was not in actual use in commerce).

Teal Bay, 2015 WL 401251, at *10.  See also Bon Vivant Catering,
2016 WL 3149725, at *11 n.14 ("An insufficient specimen will
form the basis for cancellation only where an applicant's
specimen prevented the PTO from considering the mark as it is
actually used in commerce.").

While the specimens upon which Faigel relies for her cancellation argument may not be sufficient, standing alone, to warrant cancellation, they are (at least potentially) evidence supportive of her cancellation claims.

At this juncture, it is simply premature, and the record is insufficiently developed, for the court to rule that Faigel's claims fail as a matter of law. To be sure, those claims are not particularly compelling. Indeed, they appear to be quite weak (especially if the facts alleged in defendant's memorandum prove to be true). In light of that, summary judgment would seem to be a more appropriate context in which to fully address Faigel's claims. And, of course, should Dr. Faigel's claims prove to be meritless and/or her pursuit of those claims unreasonable, an award of attorney's fees may be warranted. See 15 U.S.C. § 1117(a) (authorizing an award of attorney's fees in "exceptional cases"). See generally Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014) (defining an "exceptional case" as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.").

## Conclusion

For the foregoing reasons, defendant's motion for judgment on the pleadings (document no. 17) is necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 6, 2019

cc: Laura B. Najemy, Esq.
    R. David Hosp, Esq.
    Robert M. O'Connell, Jr., Esq.
    Brian M. Gaff, Esq.
    Christopher R. McElwain, Esq.
    Kyle McDonald, Esq.